UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAISA KURDI,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION,<br><br>   Defendant. | Case No.   1:22-cv-00729-JLT-EPG<br><br>ORDER REGARDING NOTICE OF UNAVAILABITY<br><br>(ECF No. 30) |

Plaintiff filed this civil action on June 15, 2022, and a case schedule has been entered. (ECF Nos. 1, 29). Pertinent here, a mid-discovery status conference is set for September 27, 2023, at 10:30 a.m., with the requirement that the parties file a joint status report at least seven days before the conference. (ECF No. 29, p. 3). This matter is now before the Court on the notice of unavailability of Plaintiff's counsel, filed by Attorney John Shepardson. (ECF No. 30). The notice states, in pertinent part, as follows:

> NOTICE IS HEREBY GIVEN that from **8/5/23 to 9/28/23**, John A. Shepardson will be unavailable for any purposes, including, but not limited to, receiving notice of any kind, appearing in court, responding to ex parte applications, or attending depositions. I am filing this Notice of Unavailability with as much advance notice as possible. I am serving a copy of this Notice of Unavailability to all parties and attorneys involved in the above case.
>
> You are advised to read *Tenderloin Housing Clinic v. Sparks I* (1992), 8 Cal. App. 4th 299, regarding the availability of sanctions for purposefully scheduling a conflicting proceeding without good cause.

(*Id.* at 1).

1

This notice effectively means that counsel will not be appearing at the September 27, 2023 mid-discovery status conference or participating in the joint status report due at least seven days before the conference. However, "absent a court order, a notice of unavailability does not operate to, in effect, stay the litigation of a case." *Electracash, Inc. v. Kahn*, No. CV-051135-RSWL (FMOx), 2006 WL 8434675, at *3 (C.D. Cal. July 10, 2006); *see PLU Invs., LLC v. Intraspect Grp., Inc.*, No. C10-626RSL, 2010 WL 4094335, at *2 (W.D. Wash. Oct. 14, 2010) ("A party may not modify the Court's motion calendar by filing a notice of unavailability.").

In short, should counsel seek to be relieved of any court-imposed requirement, counsel must file an appropriate motion, not a notice of unavailability.

However, as a courtesy to counsel, the Court will continue the mid-discovery status conference.

Based on the foregoing, IT IS ORDERED as follows:

1. The mid-discovery status conference set for September 27, 2023, is continued to October 12, 2023, at 10:30 a.m.
2. The parties are permitted to appear telephonically and may do so by dialing 1-888-251-2909 and entering access code 1024453.
3. At least seven (7) court days of the conference, the parties are directed to file a joint report, of up to five (5) pages, outlining the status of the case, any additional discovery still planned, potential for settlement, and any other issues pending that would benefit from the Court's assistance/direction.

IT IS SO ORDERED.

Dated:   **August 8, 2023**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE