# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAISA KURDI,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION,<br><br>Defendant. | Case No.   1:22-cv-00729-JLT-EPG<br><br>ORDER DENYING, WITHOUT PREJUDICE, PROPOSED STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 34) |

  This matter is before the Court on the parties' proposed stipulated protective order. (ECF No. 34). Upon review, the Court will deny, without prejudice, the request to enter the proposed order.

  Among other things, the proposed order fails to address Local Rule 141(c), which sets out various requirements for a protective order. For example, the parties define confidential information to mean "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." (ECF No. 34, p. 2). But such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue contrary to Local Rule 141(c)(1), which requires as follows: "A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)."

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 34, p. 6; ECF No. 29, pp. 3-4). Moreover, the proposed order relies on various local rules which do not exist in this District, such as Civil Local Rule 79-5. (ECF No. 34, p. 11).

Accordingly, IT IS ORDERED that the parties' proposed stipulated protective order (ECF No. 34) is denied without prejudice. Should the parties again seek approval of a protective order, they are directed to review and follow this Court's Local Rules and established practices.

IT IS SO ORDERED.

Dated:   **September 21, 2023**            /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE