UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAISA KURDI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION,<br><br>　　　　Defendant. | Case No.　1:22-cv-00729-JLT-EPG<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL<br><br>(ECF No. 56) |

　　　　As amended, Plaintiff Maisa Kurdi's complaint alleges sex discrimination and retaliation claims stemming from her time working for Defendant California Department of Transportation. (ECF No. 26). The dispositive motion deadline expired on July 15, 2024, with no party filing any dispositive motion. (ECF No. 49). The remaining proceedings in the case are the November 18, 2024 pretrial conference and January 28, 2025 trial, both set before the presiding District Judge. (*Id.*).

　　　　On July 16, 2024, Attorney John A. Shepardson moved to withdraw as Plaintiff's counsel, mainly because Plaintiff allegedly failed to provide a retainer fee for trial and communicate with counsel. (ECF No. 56). On August 23, 2024, the Court held a hearing on the motion and directed Plaintiff to file a statement addressing (1) whether she wants Attorney Shepardson to continue to represent her in this case; (2) if so, whether she intends to pay Attorney Shepardson any fee owed under her contract; (3) if she does not want Attorney Shepardson to continue to represent her, whether she intends to continue with this case with new counsel, and (4) if she

1

intends to obtain new counsel, to specify how much time she needs to obtain counsel. (ECF No. 61).

Plaintiff has now filed a statement. (ECF No. 62). In relevant part, it states as follows:

> I, Maisa Kurdi, hereby acknowledge and respect the decision made by my attorney, John A. Shepherdson, to withdraw from all my cases, effective June 27, 2024, at 9:30 AM. I communicated my acknowledgment of this decision to Mr. Shepherdson via email on the same day at 12:45 PM. I formally state that I no longer wish for John A. Shepherdson to represent me.
>
> Despite this change in representation, I remain committed to seeking justice for the suffering I am enduring due to the hostile work environment I am experiencing.
>
> Considering this transition, I respectfully request that the court grant me time until 01/10/2025 to secure new legal counsel.

(*Id.*).

Upon review of this statement, the motion to withdraw, and the record as a whole, the Court will permit Attorney Shepardson to withdraw as Plaintiff's counsel.

Local Rule 182(d) governs withdraw of counsel in these circumstances:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. LR 182(d).

Here, Plaintiff has notice of the motion to withdraw, having been served a copy of it, having attended the hearing on it, and most notably, having agreed that counsel should be permitted to withdraw. Further, counsel has provided Plaintiff's last known address: 382 N. McKelvy Avenue #161, Clovis, CA93611, and also her email address. (ECF No. 58). Further, there are no indications that counsel's withdraw fails to conform to the California Rules of Professional Conduct. Accordingly, the Court will grant the motion.

As for Plaintiff's request to be given until January 10, 2025, to secure new counsel, the Court will grant it. Such a request is permissible to allow Plaintiff adequate time to hire a new attorney and for the new attorney to familiarize themself with the case.

However, the Court notes that this is more than ample time to retain alternate counsel and no further extensions will be granted to this deadline.

Accordingly, IT IS ORDERED as follows:

1. The motion to withdraw (ECF No. 56) is granted.
    a. The Clerk of Court is directed to terminate Attorney Shepardson as Plaintiff's counsel on the docket.
    b. The Clerk of Court is directed to add the following address for Plaintiff on the docket and to serve all future Court orders (including this order) at this address: 382 N. McKelvy Avenue #161, Clovis, CA93611.
        i. If Plaintiff's address changes, she is directed to immediately file a statement with the Court updating her new address. Failure to do so may result in the dismissal of this case. E.D. Cal. LR 183(b).
    c. The Clerk of Court shall also add the following email address (ECF No. 58) for Plaintiff on the docket: maisa.kurdi.2023@gmail.com
2. The November 18, 2024 pretrial conference and January 28, 2025 trial dates are vacated. (ECF No. 49).
3. By no later than January 10, 2025, Plaintiff shall file a signed and dated statement, reporting whether she has obtained new counsel, and if not, whether she intends to proceed without counsel in this case. Alternatively, if Plaintiff obtains new counsel, the attorney may file a notice of appearance on the record by no later than January 10, 2025.
4. If new counsel timely appears, or if Plaintiff timely files a statement that she intends to proceed without counsel, the Court will reset the pretrial conference and trial dates.
5. If Plaintiff fails to comply with this order, she is advised that this case may be dismissed.

IT IS SO ORDERED.

Dated:   **September 6, 2024**         /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

3