UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAISA KURDI,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION, and Does 1-100,<br><br>    Defendant. | Case No.: 1:22-CV-00729 JLT EPG<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2) |

This matter is set for trial on October 15, 2025. In the interest of expedience, the Court will not recount the labored progress of this litigation in detail but instead incorporates by reference the history <u>accurately</u> set forth in Defendant's September 8, 2025 motion to dismiss. (*See* Doc. 93-1.) That motion seeks dismissal of this action with prejudice and a finding that Defendant is the prevailing party. (*Id*.) Considering that motion, other communications, and the entire record, on September 9, 2025, the Court entered the following Minute Order and caused it to be served on Plaintiff by U.S. Mail:

> Recently, plaintiff copied the Court on an email to opposing counsel in which she indicated her desire to dismiss this case to focus on her state court matter. The defense has now filed a motion to dismiss (Doc. 93-1) based upon this fact and others, and the fact that counsel still has not appeared in the action and has not complied with the Court's order to do so by August 11, 2025. Plaintiff may either appear for trial on October 15, 2025 at 8:30 a.m. and represent herself in this action or dismiss the action. Given the uncertainty that exists currently, no later than 9/18/2025, the plaintiff is ORDERED to show cause in writing why this action[] should not be dismissed with prejudice. Failure to respond will result in the Court dismissing the action with prejudice.

(Doc. 94.)

1    On September 17, 2025, Plaintiff filed a document seeking a court order dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 95.) This document did not directly address the Court's minute order and suggests without foundation that Plaintiff has fully cooperated with all court orders and diligently prosecuted this matter.

Thus, the Parties present competing proposals for dismissal: the Defense seeks dismissal with prejudice; Plaintiff without prejudice. Ultimately, this is a distinction without much of a difference, because even assuming the claims in this case accrued at the very last possible date alleged in the First Amended Complaint, December 2020 (*see* Doc. 26, ¶ 158), the limitations periods applicable to Plaintiff's Title VII claims—the only claims remaining in this lawsuit—appear to have long-since expired. *See* 42 U.S.C. § 2000e-5(e)(1) (180 or 300-day period to file a charge of discrimination under Title VII); 42 U.S.C. § 200e-5(f)(1) (90-day period in which to file suit under Title VII after receiving right-to-sue notice). A lawsuit dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) does not generally toll the statute of limitations. *See, e.g., Lujan v. Ford*, No. 2:15-CV-02015-MO, 2016 WL 3287369, at *3 (D. Or. June 7, 2016), aff'd, 716 F. App'x 699 (9th Cir. 2018) (citing *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir.1959) ("A suit dismissed without prejudice pursuant to Rule 41(a)(2) leaves the situation the same as if the suit had never been brought in the first place."); *Miranda v. Costco Wholesale Corp.*, 168 F.3d 500 (9th Cir. 1999) (unpublished) (applying that general rule to 90-day claim filing period in Title VII case); *Simons v. Sw. Petro-Chem, Inc.*, No. CIV. A. 90-2243-V, 1992 WL 25218, at *2 (D. Kan. Jan. 22, 1992), *aff'd sub nom. Simons v. Sw. Petro-Chem, a Div. of Witco Chem. Corp.*, 28 F.3d 1029 (10th Cir. 1994) (same); *Fischer v. Caterpillar, Inc.*, No. 11 C 1665, 2011 WL 3704727, at *3 (N.D. Ill. Aug. 23, 2011) (same); *Nevilles v. Waffle House, Inc.*, No. 1:19-CV-5782-MHC-JKL, 2021 WL 3417943, at *3 (N.D. Ga. July 14, 2021) (warning of same).

Because prejudice, along with delay, is one of the crucial factors in determining whether to dismiss a case with prejudice under Federal Rule of Civil Procedure 41(b),[1] the Court declines to

---

[1] In evaluating a Rule 41(b) motion to dismiss, the Court weighs: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic measures. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986). A plaintiff's failure to prosecute diligently can justify a dismissal, even if there is no actual prejudice

"involuntarily" do so under these circumstances and instead will dismiss the matter without prejudice pursuant to Plaintiff's request. The Court reserves the question of whether Defendant is a prevailing party for resolution if that issue is presented.

## CONCLUSION AND ORDER

For the reasons set forth above:

(1) Plaintiff's motion for dismissal pursuant to Fed. R. Civ. P. 41(b) is **GRANTED**.

(2) This matter is **DISMISSED WITHOUT PREJUDICE**.

(3) The Clerk of Court is directed to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated:   **September 19, 2025**

UNITED STATES DISTRICT JUDGE

---

to the defendant. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991) (internal citation and quotation omitted). However, of the factors above, Ninth Circuit jurisprudence has "tended to focus on the factors of prejudice and delay." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980) (also recognizing that "neither delay nor prejudice can be viewed in isolation").