UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAISA KURDI,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>        Defendant. | Case No.  1:22-cv-00729-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT BE DENIED COSTS<br><br>(ECF No. 98)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

## I.    INTRODUCTION

Plaintiff Maisa Kurdi, then represented by counsel, filed this civil action on June 15, 2022, alleging claims stemming from her employment with California Department of Transportation. (ECF No. 1). The undersigned permitted her counsel to withdraw on September 6, 2024, and Plaintiff ultimately proceeded *pro se* for the remainder of this case. (ECF Nos. 64, 87).

On September 22, 2025, United States District Judge Jennifer L. Thurston "dismiss[ed] the matter without prejudice pursuant to Plaintiff's request," citing Federal Rule of Civil Procedure 41(a)(2), which permits a case to be dismissed at a plaintiff's request "by court order, on terms that the court considers proper." (ECF No. 97, p. 3; *see* ECF No. 95). Judge Thurston did not enter any judgment, and her order stated that "[t]he Court reserves the question of whether Defendant is a prevailing party for resolution if that issue is presented." (ECF No. 97, p. 3).

On October 3, 2025, Defendant filed a bill of costs. (ECF No. 98). However, as noted in Judge Thurston's March 4, 2026 minute order referring the bill of costs to the undersigned,

1

Defendant improperly docketed it:

> A routine review of this docket reveals that on October 3, 2025, the Defense improperly docketed a bill of costs as a Declaration 98[.] The Clerk of Court is directed to correct the docket entry so that it is properly designated as a bill of costs request. In addition, the request is referred to the assigned magistrate judge for appropriate action[.]

(ECF No. 99).

Defendant's bill of costs is approximately 120 pages and seeks a host of expenses—including fees related to service, transcripts, and witnesses for a total of $39,548.02. (ECF No. 98-1, p. 1). The bill of costs does not specify the authority authorizing costs, but Defendant uses a standard form noting that costs "should be allowed to the prevailing party" under Federal Rule of Civil Procedure 54(d)(1). (*Id.* at 2).

As explained below, because Defendant is not a "prevailing party," the Court will recommend that Defendant be denied costs.

## II.   ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides as follows: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to *the prevailing party*." Fed. R. Civ. P. 54(d)(1) (emphasis added). "Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016).

> The Court has said that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Texas State Teachers Assn., supra*, at 792–793, 109 S.Ct. 1486. This change must be marked by "judicial *imprimatur*." *Buckhannon*, 532 U.S., at 605, 121 S.Ct. 1835. The Court has explained that, when a plaintiff secures an "enforceable judgmen[t] on the merits" or a "court-ordered consent decre[e]," that plaintiff is the prevailing party because he has received a "judicially sanctioned change in the legal relationship of the parties." *Id.*, at 604–605, 121 S.Ct. 1835.

*Id.*

Likewise, the Ninth Circuit has observed that "[c]ourts consistently confirm that [a] party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) (internal citation and quotation marks omitted). And in

2

cases where a dismissal has been entered without prejudice, or without the entry of a judgment, courts have consistently held that there is no "prevailing party."

For example, in *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001), the Supreme Court held that a party was not a "prevailing party" under the Fair Housing Amendments Act of 1988 when the "lawsuit brought about a voluntary change in the defendant's conduct" but the party "failed to secure a judgment on the merits or a court-ordered consent decree." 532 U.S. at 600. Relying on the definition of prevailing party from Black's Law Dictionary, the Court concluded that "a 'prevailing party' is one who has been awarded some relief by the court." *Id.* at 603.

In *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978 (9th Cir. 2008), the Ninth Circuit addressed an award of attorney fees to a defendant, who was presumptively the "prevailing party," in a case brought under the Individuals with Disabilities Education Act. 541 F.3d at 979. The Ninth Circuit concluded that the "dismissal without prejudice [in that case did] not alter the legal relationship of the parties because the defendant remain[ed] subject to the risk of re-filing" and thus held "that the dismissal without prejudice did not confer prevailing party status upon the defendant." *Id.* at 981, 982. In so holding, the Ninth Circuit distinguished its prior decision in *Miles*:

> We distinguish this case from *Miles v. California*, 320 F.3d 986, 989 (9th Cir.2003). In *Miles*, "the underlying case was dismissed 'without prejudice to Miles' right to seek any available relief in the state court.' " *Id.* Accordingly, we found that "[t]he dismissal eliminates the federal ADA claim from further proceedings in federal court and thus has changed the legal relationship of Miles with respect to the State." *Id.* This bar against further proceedings in federal court clearly distinguishes *Miles* from our present case. DEED remains at risk that Oscar will re-file his IDEA claim in federal court; therefore, the dismissal without prejudice did not alter the legal relationship of the parties.

*Id.* at 982.

In *Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009), the Ninth Circuit considered "whether a defendant is entitled to attorney's fees as a prevailing party under § 505 of the Copyright Act, 17 U.S.C. § 505, when a plaintiff voluntarily dismisses without prejudice a lawsuit containing copyright claims." 569 F.3d at 1144. Noting that the plaintiffs in the case "remained free to refile their copyright claims against the defendants in federal court following their voluntary dismissal

of the complaint," the Ninth Circuit held that "the defendants are not prevailing parties and thus not entitled to the attorney's fees the district court awarded them." *Id.* at 1145.

Likewise, courts have held that a dismissal without prejudice under Rule 41 does not entitle a defendant to "prevailing party" status for an award of costs under Rule 54(d). *See Tyler v. Coeur D'Alene Sch. Dist. #271*, No. 2:21-CV-00104-DCN, 2022 WL 819447, at *2-3 (D. Idaho Mar. 17, 2022) (concluding that a voluntary dismissal of a case without prejudice under Rule 41(a)(2) meant that there was no prevailing party for purposes of awarding costs under Rule 54(d)); *Koby v. ARS Nat'l Servs., Inc.*, No. 3:09-CV-00780-KSC, 2018 WL 1441340, at *6 (S.D. Cal. Mar. 20, 2018) ("Since the Court dismisses intervenor without prejudice [under Rule 41(a)(2)], there is neither a judgment on the merits nor a material alteration in the legal relations between the parties. Consequently, defendant is not a prevailing party, and its request for costs is denied."); *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, No. CIV. 09-00181 DAE, 2011 WL 4369303, at *2 (D. Haw. Aug. 24, 2011), *report and recommendation adopted*, 2011 WL 4371300 (D. Haw. Sept. 16, 2011) ("Defendants obtained an FRCP 41(a)(2) dismissal without prejudice of their First Amended Counterclaim. Insofar as a dismissal without prejudice subjects a defendant to the possibility of the plaintiff re-filing an action, there is no alteration of the legal relationship between the parties. Accordingly, Plaintiff is not a prevailing party and it is not entitled to recover the taxable costs it incurred in connection with Defendants' counterclaim.") (internal citation omitted).

In light of the above caselaw, Defendant is not a "prevailing party" for purposes of being awarded costs. Importantly, the Rule 41(a)(2) voluntary dismissal was *without prejudice* and Plaintiff is free to refile the case. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). Moreover, no judgment was entered, nor was there an alteration of the parties' legal relationship. *See* Fed. R. Civ. P. 54(a) (defining judgment to "include[] a decree and any order from which an appeal lies"); *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995) ("A voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal.").

### III.   CONCLUSION AND RECOMMENDATIONS

For the reasons given above, IT IS RECOMMENDED that Defendant be denied costs. (ECF No. 98).

These findings and recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**March 6, 2026**__          /s/ *Erica P. Grosjean*
                              UNITED STATES MAGISTRATE JUDGE